## MENDEZ v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. November 4, 1926.)

No. 1926.

**1. Criminal law ⟐1124(1).**

Assignment of error in denying motion for new trial *held* to present no question of law, where record did not contain evidence or requested instructions, nor show exception to denial of such motion.

**2. Intoxicating liquors ⟐242.**

Under National Prohibition Act, tit. 2, § 29 (Comp. St. § 10138½p), sentence of three months' imprisonment on conviction for unlawful sale of liquor, in violation of section 3 (Comp. St. § 10138½aa), *held* warranted.

In Error to the District Court of the United States for the District of Pórto Rico; Ira K. Wells, Judge.

Arturo Mendez was convicted of unlawful possession and sale of intoxicating liquor, and he brings error. Affirmed.

Salvador Mestre, of San Juan, Porto Rico, for plaintiff in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an information filed by the United States district attorney for Porto Rico against Arturo Mendez and Ramona Sanchez de Mendez, charging them in the first count with the unlawful possession of intoxicating liquor in violation of section 3, title 2, of the National Prohibition Act (Comp. St. § 10138½aa), and in the second and third counts with unlawful sales. Arturo Mendez was found guilty, and the other defendant not guilty.

[1] After verdict, and before sentence, the defendant moved for a new trial on the grounds (1) that the verdict of the jury was contrary to law; (2) that it was contrary to the evidence; (3) that the court erred in its charge to the jury, in that it failed to inform them that they are the sole judges of the facts, and that, in deciding the issues of fact, they were not to consider the opinion of the court; and (4) in not instructing the jury that, when there is a conflict in the evidence, the jury must give the benefit of the doubt to the defendant. This motion was denied without exception. The evidence is not reported. It does not appear what instructions, if any, were requested, nor what the charge was to the jury.

The defendant, Arturo Mendez, was sentenced to pay a fine of $200 and costs on the first count and to serve three months in jail on the second. Apparently no sentence was imposed on the third count. The error complained of was that the court erred in not granting the motion for a new trial and in imposing a severe and unusual punishment.

[2] No question of law is presented by the record. The punishment, however, was clearly warranted by the statute under which the information was brought. Section 29, title 2, of the National Prohibition Act (Comp. St. § 10138½p), authorizes a sentence for a first offense of a fine not exceeding $1,000, or imprisonment not exceeding six months. Here the sentence on the second count was for three months, and there was no sentence imposed on the third count. Each of the three counts charged distinct and independent offenses.

The judgment of the District Court is affirmed.